# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

VICTOR BOBADILLA-GARCIA,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C12-3026-MWB
No. CR10-3008-MWB

**AMENDED INITIAL REVIEW ORDER**

_____

## I. INTRODUCTION AND BACKGROUND

This case is before the court on petitioner Victor Bobadilla-Garcia's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Docket no. 1). In his motion, filed on April 19, 2012, petitioner Bobadilla-Garcia requests that the court reduce his sentence based on his agreement with the prosecution for a reduction based on Federal Rule of Criminal Procedure 35(b). If it plainly and conclusively appears from the face of a § 2255 motion and the files and records of the case that the moving petitioner is not entitled to any relief, the court shall summarily dismiss the motion. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

On August 27, 2010, defendant Bobadilla-Garcia pleaded guilty to conspiring to distribute 500 grams or more of pure methamphetamine and to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846, and distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B). On December 10, 2010, petitioner Bobadilla-Garcia was sentenced to 78 months imprisonment and 5 years supervised release. Petitioner Bobadilla-Garcia did not appeal his sentence.

## II. LEGAL ANALYSIS
### A. Timeliness of Bobadilla-Garcia's § 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220, established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

The finality of Bobadilla-Garcia's conviction in this case is the only applicable date of the four statutory dates in § 2255(f)(1)-(4). Bobadilla-Garcia makes no allegation that an unconstitutional or unlawful act by the government prevented him from filing his § 2255 motion within the one-year limitation period, *see* 28 U.S.C. § 2255(f)(2), nor does he assert that the Supreme Court recently recognized a right retroactively applicable to this

2

§ 2255 case. *See* §28 U.S.C. § 2255(f)(3). Moreover, Bobadilla-Garcia does not state that the one-year limitation period under § 2255 should be calculated from a date, when through the exercise of due diligence, he discovered the facts supporting his arguments for relief. *See* 28 U.S.C. § 2255(f)(4).

There is no question that the one year limitation period for bringing a § 2255 motion in this case expired before Bobadilla-Garcia filed his § 2255 motion. Bobadilla-Garcia never appealed after judgment was entered on December 13, 2010. Therefore, Bobadilla-Garcia's § 2255 one year limitation period expired on December 13, 2011, and, even if the 10 day time period in which he would have had to file a notice of appeal to the Eighth Circuit Court of Appeals were included in determining the date on which his conviction became final, that date would then become December 23, 2011, and Bobadilla-Garcia's § 2255 motion would still be untimely unless the time period for filing such a motion is tolled.

Federal courts, including the Eighth Circuit Court of Appeals, have determined that the AEDPA's one year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling in limited circumstances. *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *accord Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). However, "'[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time.'" *Runyan*, 521 F.3d at 945 (quoting *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)); *accord Jihad*, 267 F.3d at 805 (quoting *Kreutzer*, 231 F.3d at 463).

3

Here, Bobadilla-Garcia has not pointed to anything which would equitable toll the running of the limitations period. Therefore, the AEDPA's one year statute of limitations applies in this case and Bobadilla-Garcia's § 2255 motion is untimely. Respondent's Motion to Dismiss is granted and Bobadilla-Garcia's § 2255 motion is dismissed.

### B. *Certificate Of Appealability*

Denial of Bobadilla-Garcia's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing

4

required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Bobadilla-Garcia's § 2255 motion, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III. CONCLUSION

THEREFORE, for the reasons discussed above, petitioner Bobadilla-Garcia's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 25th day of March, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA